Leonard, J.
I am satisfied the indentures of the infant, Mary M. Barre, are void. Section 6 of the act of 1863, ch. 448, authorizes the .Catholic Protectorate to bind out children committed to its care, during minority, or any less period, with their consent, as apprentices or servants to learn proper trades and employments. The indentures contain no provision requiring the master to teach the child any trade or employment.
The master is bound only to feed, clothe, educate, and cause the child to receive religious instruction. The Protectorate are not authorized to permit indentures to be made of this limited extent. The master should engage to prepare the child for obtaining her own honest support by a trade or employment when she has reached maturity. Had he engaged to cause her to be instructed as a cook, or seamstress, a waiting maid, or perhaps a teacher, or any other occupation open to her sex, it would have been a compliance with the practical objects intended by the legislature. The omission renders the indenture inoperative and void.
The child is therefore under the custody of the supreme court, in the exercise of its equitable powers in the case of infants. Under the charges made against the mother, and not denied, I cannot properly return the child to her custody. That of the Protectorate is better and more appropriate.
The mother offered, through her counsel in open court, to pay the expense of the education of the child under the charge of the ladies of the V Sacred Heart,” a well known and reputable institution, where, she may *428 receive moral and literary instruction suitable to prepare her for -the future. If any person properly recommended to me,' and belonging to that institution will accept the obligation of the mother to make payment of the charges for boajd and tuition, I will take the subject into consideration before making a final disposition of the custody of the child.
As to the commitment by the magistrate of the child to the Protectorate, it is sufficient. The mother made oath before him that the child absented herself from home without her consent, refused to obey her lawful commands, and was bad and ungovernable beyond her control. This evidence was sufficient to authorize the magistrate, under subdivision 2, section 5, ch. 448, of the Laws of 1863, before referred to, to commit the child to the care of the Protectorate.
The order indorsed on the back of the deposition is that the child be committed to the Juvenile Asylum.” This may be regarded as an error ; as the process returned by the Protectorate, shows that the magistrate in fact committed the child to that institution. But if there is any doubt about this subject, the court can order the child before the magistrate, that fresh action be taken by him, and that he make a proper order upon the deposition before him ; so that she may be properly brought under the charge of the. Protectorate.
But I will order a further adjournment for the purpose of ascertaining how far the institution of the Sacred Heart will undertake for the education and charge of the child, on the employment of the mother.
Her offer appears advantageous to child, if she is able effectually to carry it out.
The counsel or parties can name the adjourned day, and I will so order it.